THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* TILMAN J. KARR, Doing Business as the TROY CONTRACTING COMPANY, and Another, Respondents.

Third Department, January 7, 1925.

Highways — action by State to recover from original contractor, who abandoned contract, extra cost required for construction — county had not acquired title prior to advertisement for bids as required by Highway Law, § 148 (as amd. by Laws of 1918, chap. 326) — county had contract with landowners under which title could only be acquired on completion of road and compliance with other conditions — State had no right to let contracts for construction and cannot recover.

The State of New York cannot recover from an original contractor for the repair and reconstruction of a highway, who abandoned the contract, the extra cost required for the completion of the contract, where it appears that at the time the advertisement for bids was published the county had not acquired title to the land as provided by section 148 of the Highway Law (as amd. by Laws of 1918, chap. 326) but had only a contract with the landowners under which the title would be passed to the State on the completion of the road in accordance with the provisions of that contract.

Under these circumstances the State had no right to enter into a contract for the construction of the highway and the contractor was justified in stopping work as soon as he found out that the State had unlawfully entered into the contract with him.

APPEAL by the plaintiff, The People of the State of New York, from an order of the Supreme Court, made at the Rensselaer Trial Term and entered in the office of the clerk of the county of Rensselaer on the 8th day of July, 1924, dismissing the plaintiff's

complaint upon the merits on motions made by both parties at the close of the case for a directed verdict, and also from a judgment entered in said clerk's office on the same day pursuant to said order.

*Carl Sherman, Attorney-General [Charles E. McManus, Deputy Attorney-General,* of counsel], for the appellant.

*Parsons, McClung & Rose [Arthur E. Rose* of counsel], for the respondent National Surety Company.

COCHRANE, P. J.:

This case involves the application of section 148 of the Highway Law (as amd. by Laws of 1918, chap. 326)* which provides that where a highway is to be constructed or improved, repaired or reconstructed " the board of supervisors of the county where such highway is located, shall acquire land for the requisite right of way prior to the advertisement for proposals." The State Highway Commission advertised for bidders and let the contract to the defendant Troy Contracting Company. The defendant National Surety Company became the guarantor of the contract. The contractor began the construction of the road but abandoned the contract before its completion. The plaintiff relet the contract to another party which completed the road and the plaintiff brings this action to recover the difference in amount between the two contracts.

The rights of way when the contract was let had not been acquired from the various landowners. Certain contracts had been acquired known as Exhibits L and M. Exhibit M, signed by the landowners, permits the contractor to go on and do work and doubtless protects him against actions for trespass. Exhibit L agrees that the landowner will give a proper deed on payment of a specified price on two conditions, one of which is that all trees necessary to be removed " shall be cut at such length as we shall specify and shall be delivered at our saw-mill in the said Town of Hoosick, and in order to insure the carrying out of this condition it is agreed that in case the said trees are not cut and delivered as specified that *then and thereupon the accompanying license shall terminate and be of no further force and effect.*" The other condition is that all refuse and debris growing out of the construction of the road shall be removed from the adjacent premises *before the delivery of the deed.* There can be no claim that under this kind of a contract the county has acquired land for the requisite right of way. The contract instead of complying with the statute directly thwarts the statute. The statute requires that the land shall be acquired before the advertisement for bids, whereas this

* Since amd. by Laws of 1924, chap. 460.— [REP.

contract provides that the land shall not be acquired and title shall not be perfected until after the work is completed. The contract is in direct violation of the statute and destroys its purpose. Much is said in the briefs and was said on the argument as to whether this statute was mandatory or directory. It seems to me that such discussion is entirely beside the point. The discussion has overlooked what seems to me to be an important feature and that is that two agencies are concerned here, viz., the county and the State. The county through its board of supervisors is to acquire title. The State through its Highway Commission advertises for bids and lets the contract. The State under the statute cannot act until the county has first performed its part of the transaction. Therefore, as it seems to me the State in letting this contract had no foundation or justification for doing so. The county might never have acquired the rights of way. My conclusion is that the State had no authority to advertise for bids much less to make the contract in question until the county had first perfected its title to the proposed highway and that the contractor had a right to stop work when he found out that the State had unlawfully entered into this contract with him.

I recommend that the judgment and order be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.